J-S69019-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALEXANDER SCOTT BOLYNN | : | |
| Appellant | : | No. 470 WDA 2017 |

Appeal from the PCRA Order February 23, 2017
in the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000863-2013

BEFORE:    BOWES, J., RANSOM, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY RANSOM, J.:              FILED DECEMBER 22, 2017

Appellant, Alexander Scott Bolynn, appeals from the February 23, 2017 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant's failure to conform to the Pennsylvania Rules of Appellate Procedure prevents our meaningful review. We dismiss the appeal.

A recitation of the facts underlying this matter is unnecessary to our disposition. The relevant procedural history is as follows.

In September 2013, Appellant was found guilty of robbery, simple assault, terroristic threats, receiving stolen property, false identification to law enforcement, intimidation of a witness, and possession of paraphernalia.[1]  This

_____

[1]See 18 Pa.C.S. §§ 3701(a)(1)(ii), 2701(a)(3), 2706(a)(1), 3925(a), 4914(a), 4952(a)(10); and 35 P.S. § 780-113(a)(32), respectively.

* Former Justice specially assigned to the Superior Court.

Court affirmed Appellant's convictions on appeal, but remanded the matter for resentencing in accordance with Alleyne v. United States, 133 S. Ct. 2151, 2158 (2013). See Commonwealth v. Alexander Scott Bolynn, 120 A.3d 387 (Pa. Super. 2015) (unpublished memorandum). Appellant was resentenced in October 2015 to an aggregate term of eighty-six to one hundred seventy-two months of incarceration with a term of twelve months of probation to be served consecutively. Appellant filed a motion to modify and reconsider sentence, which was denied in November 2015. Appellant pro se filed a timely PCRA petition in September 2016. Thereafter, counsel was appointed and filed a supplemental petition on Appellant's behalf in November 2016. The PCRA court issued a comprehensive notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, and it dismissed Appellant's petition in February 2017.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. In May 2017, the trial court issued an opinion incorporating its Pa.R.Crim.P. 907 notice.

Appellant presents the following questions for our review:

1. Whether trial counsel was ineffective in not responding to any of his letters or phone calls for the duration of this case thereby failing to prepare the Petitioner or himself for purposes of trial?

2. Whether counsel was ineffective in that [] [A]ppellant asked counsel in the referenced letters before trial to raise certain issues which counsel failed to do including lack of evidence; no DNA; no footprints and no fingerprints of any stolen items and no gun found?

3.     Whether counsel was ineffective in that [] [Appellant] asked counsel to raise issues on appeal in regard to the F1 robbery with weapons enhancement in that [] [Appellant] was not charged with a gun nor was there any evidence of [him] being in possession of a gun?

4.     Whether counsel was ineffective in that [] [Appellant] was never identified in a police line-up; the victim said she knew [] [Appellant] from his eyes and voice, yet no voice or eye recognition test was pursued.   [] [Appellant] was illegal[ly] searched after being taken into custody and he did not match the description of the perpetrators[?]   ([] [Appellant] was wearing a black coat, which did not match the description of the perpetrator wearing a Carhart jacket)[.]

5.     Whether counsel was ineffective in that [] [Appellant] was not intoxicated and there was never any field sobriety test or blood draw or any other test to establish any claim of intoxication?

6.     Whether the lower Court erred in imposing consecutive sentences and applying a weapons enhancement to the robbery count?

7.     Whether counsel was ineffective in that the alleged marijuana pipe found on [] [Appellant's] person after being detained was not tested in a lab to establish any criminal culpability related thereto?

8.     Whether counsel was ineffective in that [] [Appellant] has an M2 witness intimidation charge for having his brother go on Facebook to tell the victim "don't go to Court, it was a misunderstanding[?]"  This conduct does not arise to or satisfy the legal elements for a charge of witness intimidation[.]

Appellant's Brief at 2-3 (some formatting added).

As an initial matter, we note that an appellant's brief must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101.  Where the defects in an appellant's brief are substantial, the

- 3 -

appeal may be dismissed.[2]  Id.  Where an appellant fails to raise or develop his issues on appeal properly, or where his brief is wholly inadequate to present specific issues for review, this Court will not consider the merits of the claims raised.  Commonwealth v. Hardy, 918 A.2d 766, 771 (Pa. Super. 2007) (citation omitted).

Here, Appellant's argument consists of a bare regurgitation of his eight claims of error.  Appellant's Brief at 7-8.  Moreover, the only authority cited in Appellant's brief is the standard of review for ineffective assistance of counsel, and there is no citation to the record.  See Pa.R.A.P. 2119.

Appellant's complete failure to develop any meaningful argument on the matter prevents this Court from conducting meaningful appellate review. Hardy, 918 A.2d at 771.  Therefore, we conclude Appellant has waived his issues.  Pa.R.A.P. 2101.  Accordingly, we dismiss this appeal.

Appeal dismissed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/22/2017

_____

[2] See also Pa.R.A.P. 2111-2119 (discussing required content of appellate briefs and addressing specific requirements of each subsection of brief on appeal).